### STATE ex rel. State Attorney v. GOODWIN.
No. 75-12064.

Circuit Court, Broward County.

August 18 and 19, 1975.

150 

Richard A. Purdy, Acting State Attorney, for the plaintiff.

Edward M. Kay of Varon, Stahl & Kay, Hollywood, for the defendant.

GENE FISCHER, Circuit Judge.

*Temporary restraining order, August 18, 1975:* This cause came on for hearing on August 14, 1975 on the complaint for injunction filed by the plaintiff, State of Florida ex rel. Richard A. Purdy, as acting state attorney of the seventeenth judicial circuit, and the defendant, Leo Goodwin, III, being represented by Edward M. Kay, and the court having heard argument of counsel, testimony and evidence and being otherwise advised in the premises, makes the following findings of fact, rulings of law and orders —

### PRIMA FACIE FINDINGS OF FACT TO SUPPORT TEMPORARY INJUNCTION

1. The defendant, Leo Goodwin, III, has over one hundred times operated a motor vehicle on the public streets and roads of Florida between November 20, 1974 and August 14, 1975.

2. The driver's license of the defendant was and is suspended by the state department of highway safety and motor vehicles for the period of time between November 20, 1974 and November 20, 1975.

3. The defendant on August 6, 1975 was operating a motor vehicle and said vehicle was involved in an accident causing property damage to another person.

4. The defendant on July 20, 1975 was operating a motor vehicle and said motor vehicle was involved in an accident causing property damage to another person and resulting in the loss of life of another person.

5. The defendant has been convicted of multiple traffic violations.

6. The traffic and criminal laws of the state of Florida have been and continue to be inadequate to prevent the defendant from driving a motor vehicle and to protect the public from the defendant's manner of operating a motor vehicle.

### RULINGS OF LAW

1. The defendant's motion to strike sham pleadings is denied for the reason that Florida Statute 823.05 is not repealed as alleged in said motion and the statute is in full force and effect, and for

the further reason that paragraph two of plaintiff's complaint for injunction is not a material allegation in that the said complaint for injunction taken as a whole alleges sufficient facts to invoke the equity power of the court even in the absence of a statute.

2. The defendant's motion to dismiss is denied for the reason that Florida Statute 27.16 gives full and complete authority of the state attorney to the acting state attorney and for the further reason that the plaintiff's complaint for injunction states a cause of action in equity.

3. The act of defendant's operating a motor vehicle on the public roads of Florida is a public nuisance and is an actual threat to the public health, safety and welfare. and tends to annoy the community or injure the health of the community or becomes manifestly injurious to the safety or welfare of the people.

4. The plaintiff has no adequate remedy of law.

It is thereupon ordered and adjudged —

1. The plaintiff's prayer for a temporary restraining order is granted and the defendant, Leo Goodwin, III, is restrained and enjoined, until final hearing in this cause or until further order of this court, from operating a motor vehicle on any public street. road or highway or any roadway or property open to the use of the public for purposes of vehicular traffic throughout the state of Florida.

2. All law enforcement officers in the state of Florida and all citizens are instructed to notify the court should they observe Leo Goodwin, III, violate this order.

3. Violation of this order by the defendant, Leo Goodwin, III, shall constitute contempt of court and the court shall enforce this order accordingly.

4. Defendant shall have twenty days from the date of this order within which to file such responsive pleadings as he deems appropriate.

5. A final hearing in this cause will be set by the court after request by either party.

*Amendment to temporary restraining order, August 19, 1975:* At the conclusion of the hearing held on August 14, 1975, and upon pronouncement made by the court at that time, in accordance with Rule 1.610, Rules of Civil Procedure, the court, in its discretion, having due regard to the public interest therein, dispensed with the requirement of bond.

It is, therefore, ordered and adjudged that the plaintiff, State of Florida, shall be excused from filing any injunction bond.

\* \* \* \* \*

Following are excerpts from letters written by Assistant State Attorney Purdy —

*January 15, 1976:* This is to inform you that on October 3, 1975 Leo Goodwin, III, pled no contest to one count of driving under a suspended license, one count of failure to display, two counts of careless driving (each arising out of a separate accident), one count of leaving the scene of an accident with property damage, and one count of no inspection sticker.

On November 25, 1975, Goodwin was sentenced by Judge Robert Butterworth to 35 days in the county jail, plus two years on probation with a special condition of probation that he not operate a motor vehicle on the public streets and highways. The judge commented, "It is the intention of the court that you spend the holidays in jail." Goodwin was released on December 26, 1975.

To this date no final hearing has been set by either side in the injunction proceedings and the temporary injunction prohibiting him from operating motor vehicles throughout the state of Florida is still in effect.

The legal proceedings have not been appealed, either civil or criminal.

*January 23, 1976:* Please be advised that in addition to the jail sentence, Goodwin was sentenced to pay fines totalling $2,030, plus $60 costs.

Also, on January 20, 1976, Goodwin was rearrested for ten counts of probation violation (failure to report), and was sentenced by Judge Butterworth to serve 26 days of the remaining, maximum time on his sentence. The result is that he has now been sentenced to all but two days of the maximum time, and Judge Butterworth continued the two year probationary period beyond the time served in jail. Of course, if he violates probation again, the most time he can serve is two days.

\* \* \* \* \*

On March 16, 1976 police arrested Goodwin for drunk driving, he pleaded no contest when charged with contempt of court, Judge Fischer sentenced him to 100 days in jail, he was lead off in handcuffs to start serving the sentence.